CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **THOMAS HARRIS,** | ) | Civil Action No. 7:12-cv-00016 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **GENE M. JOHNSON, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Thomas Harris, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Gene M. Johnson, the former Director of the Virginia Department of Corrections ("VDOC"); S.V. Pruett, Warden of the Coffeewood Correctional Center ("CCC"); Anita Long, a CCC Captain; Major Meader; K. Tucker, the CCC Grievance Coordinator; and Hickman, the CCC Assistant Warden. Plaintiff argues that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff subsequently filed a motion to amend the complaint to add two defendants. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court grants the motion to amend and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. On September 6, 2010, plaintiff was working in the CCC kitchen. Correctional Officer ("C/O") Walters told plaintiff to accompany him to the kitchen tool room to be searched. C/O Walters subsequently ordered a visual inspection of plaintiff's groin, and plaintiff complied, pulled down his pants and underwear, and denied having any contraband. Walters did not see any contraband.

Plaintiff filed an informal complaint about the strip search because he believed that VDOC policy required two officers to be present during the strip search, which should not have occurred in the kitchen tool room. Lt. Gallagher responded to the informal complaint. Lt. Gallagher told plaintiff that he would put plaintiff in segregation if plaintiff continued to file grievances about the search. Plaintiff disregarded Lt. Gallagher's threat and sent a new complaint about the search and the threat to VDOC Director Johnson, who referred it to Warden Pruett.

Pruett told plaintiff that no conclusive evidence existed to support plaintiff's allegations about the search and threat. Pruett also said that staff advised C/O Walters and Lt. Gallagher about the VDOC's relevant policies and procedures. Plaintiff was subsequently transferred to a different VDOC facility.

As a result of these events, plaintiff experiences emotional distress and receives mental health counseling and anti-depression medications. Plaintiff requests $30,000 in compensatory damages.

II.

A.

Plaintiff filed a motion to amend to join two prison officials as defendants: Lt. Gallagher and C/O Walters. Plaintiff says he forgot to list these two officials as defendants in his complaint's caption.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the court's leave or the opposing party's written consent.[1] The amendment must "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962). The court must also consider the "specific joinder provisions of Rule 20(a)" when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001).

Plaintiff satisfies Rules 15 and 20 because the proposed additional defendants have a right to relief asserted against them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims share some "question of law or fact common to" all of the defendants. Fed. R. Civ. P. 20(a)(2). Accordingly, the court grants plaintiff's motion to amend and joins Lt. Gallagher and C/O Walters as defendants.

B.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for

---

[1] The complaint has not yet been served on the defendants.

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

4

Plaintiff alleges that the defendants inflicted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove that a deprivation of a basic human need was objectively "sufficiently serious" and a prison official subjectively acted with deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). The objective component of an Eighth Amendment claim is contextual and responsive to "contemporary standards of decency." Estelle v. Gamble, 429 U.S. 97, 103 (1976). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Nothing in plaintiff's allegations illustrates cruel and unusual punishment. Plaintiff merely alleges that C/O Walters conducted a visual search of plaintiff's genitals and clothing. Plaintiff does not describe how the search violates "contemporary standards of decency" or resulted in any significant harm. See, e.g., Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003) ("There is no question that strip searches may be unpleasant, humiliating and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation. For example, a strip search of a male prisoner in front of female officers, if conducted for a legitimate penological purpose, would fail to rise to a level of an

Eighth Amendment violation."). Plaintiff also does not show how a defendant was personally aware of facts indicating a substantial risk of harm to plaintiff. See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'").

Plaintiff fails to establish supervisory liability against Director Johnson, Warden Pruett, Assistant Warden Hickman, Major Meador, Capt. Long, or K. Tucker. Plaintiff does not describe a supervisor's knowledge of C/O Walters' or Lt. Gallagher's conduct that posed a pervasive and unreasonable risk of constitutional injury to the plaintiff. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984). See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (requiring deliberate indifference to or tacit authorization of the alleged offensive practices to impose supervisory liability). Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). A claim that prison staff did not follow VDOC policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Even if Lt. Gallagher made comments that may constitute verbal abuse or harassment, the comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp.

6

683, 687 (E.D.N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

Plaintiff does not allege any physical injury to warrant an award of damages. See 42 U.S.C. § 1997e(e) (prohibiting a prisoner from recovering a monetary award for alleged mental and emotional injuries without establishing a corresponding physical injury). Plaintiff's transfer from the CCC moots any request for injunctive relief. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (stating a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); Taylor v. Rogers, 781 F.2d 1047,

1048 n.1 (4th Cir. 1986) (same). Accordingly, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court grants plaintiff's motion to amend, joins Lt. Gallagher and C/O Walters as defendants, and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 28th day of January, 2012.

/s/ Michael F. Urbanski
_____
United States District Judge